UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFREY ROBBINS,
        Plaintiff,


        v.                                      CIVIL ACTION NO.
                                                14-13829-MBB

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,
        Defendant.


**MEMORANDUM AND ORDER RE:**
**MOTION TO DISMISS FOR LACK OF**
**SUBJECT MATTER JURISDICTION**
**(DOCKET ENTRY # 13)**

**November 3, 2015**


**BOWLER, U.S.M.J.**

        Pending before this court is a motion to dismiss this social

security disability action for lack of subject matter

jurisdiction filed by defendant Carolyn W. Colvin, Acting

Commissioner of the Social Security Administration

("Commissioner"), under Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)").

(Docket Entry # 13).  The Commissioner submits this court lacks

jurisdiction to review a decision by the Appeals Council denying

plaintiff Jeffrey Robbins ("plaintiff") an extension of time to

file a request for review of a decision by an administrative law

judge ("ALJ").

        Plaintiff contends that neither he nor his attorney received

the ALJ's decision until after the 60 day appeal period expired.

In opposing the motion, plaintiff provides affidavits from his attorney and office staff attesting that the office did not receive the ALJ's August 19, 2013 decision until an office case manager retrieved it on November 11, 2013, from an electronic records portal maintained by the Social Security Administration ("SSA").  Plaintiff promptly filed a motion seeking an extension of time to file an appeal of the ALJ's decision, which the Appeals Council denied.  Plaintiff filed this action thereafter under 42 U.S.C. § 405(g) and, notably, "the Due Process Clause of the Fifth Amendment."  (Docket Entry # 1).

<u>BACKGROUND</u>

On April 14, 2011, plaintiff, at the age of 21, filed an application for child insurance benefits on the basis of a disability and the earnings record of his mother.  On the same day, plaintiff filed an application for supplemental security income.  (Docket Entry # 14-1, pp. 8, 32).[1]  On July 29, 2011, the state agency denied the applications.  On August 8, 2011, plaintiff filed a request for reconsideration within the 60 day time period.  (Docket Entry # 14-1, pp. 8-9, 30); 20 C.F.R. §§ 404.909, 416.1409.  On October 19, 2011, the Commissioner denied reconsideration.  (Docket Entry # 14-1, pp. 9, 30); 20 C.F.R. §§ 404.920, 416.1420.  On November 1, 2011, plaintiff filed a timely

---

[1]  Page numbers refer to the docketed page as opposed to the page number of the document itself.

request for a hearing before the ALJ.  (Docket Entry # 14-1, pp. 9, 30); 20 C.F.R. §§ 404.933, 416.1433.  The ALJ conducted an evidentiary hearing on July 23, 2013.  (Docket Entry # 14-1, p. 9).  On August 19, 2013, the ALJ issued a written decision and determined that plaintiff was not disabled.  (Docket Entry # 14-1, pp. 8-23); 20 C.F.R. §§ 404.953, 416.1453.

Regulations dictate that the ALJ "shall mail a copy of the decision to all the parties at their last known address."  20 C.F.R. §§ 404.953(a), 416.1453(a).  Where, as here, plaintiff had an attorney, the regulations also require the SSA to send plaintiff's attorney notice of the decision.  20 C.F.R. § 404.1715 ("We *shall* send your representative–(1) Notice and a copy of any administrative action, determination, or decision") (emphasis added); 20 C.F.R. § 416.1515.

The ALJ's decision is ordinarily binding on the parties unless a party "request[s] a review of the decision by the Appeals Council within the stated time period."  20 C.F.R. §§ 404.955, 416.1455; see also 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4).  The stated time period to file a request for review by the Appeals Council is 60 days from receipt of the notice.  20 C.F.R. §§ 404.968(a)(1), 416.1468.  As stated in the regulations, plaintiff has "60 days after the date [plaintiff] receive[s] notice of the hearing decision or dismissal" of a request for a hearing to file a written request for Appeals

3

Council review.  20 C.F.R. §§ 404.968(a)(1), 416.1468; see 20 C.F.R. §§ 404.967, 416.1467.  Receipt as opposed to the mailing date of the notice is the operative guideline.  20 C.F.R. §§ 404.968(a)(1), 416.1468.  Regulations define the date a plaintiff receives notice as "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."[2]  20 C.F.R. §§ 404.901, 416.1401.  This same presumption applies to receipt of the ALJ's decision by plaintiff's attorney. 20 C.F.R. §§ 404.1703, 416.1503.

A plaintiff may also request an extension of the 60 day time period to file a request for Appeals Council review.  20 C.F.R. §§ 404.968(a)(1), 416.1468.  Filed with the Appeals Council, the written request "must give the reasons why the request for review was not filed within the stated time period."  20 C.F.R. §§ 404.968, 416.1468.  If plaintiff shows "good cause for missing the deadline, the time period will be extended."[3]  20 C.F.R. §§

---

[2]  In comparison, the plaintiff must make a "reasonable showing" to rebut the five day presumption when seeking an extension of time to seek judicial review from an Appeals Council's denial of a request to review the ALJ's decision.  20 C.F.R. § 422.210(c).

[3]  In full, the regulations read as follows:

(b) Extension of time to request review.  You or any party to a hearing decision may ask that the time for filing a request for the review be extended.  The request for an extension of time must be in writing.  It must be filed with the Appeals Council, and it must give the reasons why the request for review was not filed within the stated time period.  If you show that you had good cause for missing the

404.968, 416.1468.   The regulations define "good cause."   20

C.F.R. §§ 404.911, 416.1411.   One of the nine examples of

circumstances "where good cause may exist" is that the plaintiff

"did not receive notice of the determination or decision."[4]   20

C.F.R. §§ 404.911, 416.1411.

Here, the electronic file maintained by the Office of

Disability Adjudication and Review applicable to plaintiff's

applications includes the ALJ's August 19, 2013 decision along

with a notice of the unfavorable decision dated August 19, 2013.

The notice is addressed to plaintiff at 22 Wall Street in

Brockton, Massachusetts with a courtesy copy to plaintiff's

counsel at his current and correct address in Portland, Maine.

Consistent with the regulations, the notice explained that

plaintiff must file a written appeal with the Appeals Council

"within 60 days of the date you get this notice" and the "Appeals

Council assumes you got this notice 5 days after the date of the

---

deadline, the time period will be extended.   To determine
whether good cause exists, we use the standards explained in
§ 416.1411.

20 C.F.R. §§ 404.968, 416.1468.

[4]   The regulations read as follows:

Examples of circumstances where good cause may exist
include, but are not limited to, the following situations: .
. . . (7) You did not receive notice of the initial
determination or decision.

20 C.F.R. § 416.1411(b); accord 20 C.F.R. §§ 404.911(b).

notice unless you show you did not get it within the 5-day period." (Docket Entry # 14-1, p. 5).

There is no dispute that the Appeals Council did not receive a request for review within the 65 day time period after the ALJ's August 19, 2013 decision, i.e., October 23, 2013. Rather, by letter dated November 19, 2013, plaintiff's counsel wrote to the Appeals Counsel and requested an extension of time to file an appeal of the ALJ's decision with the Appeals Council. (Docket Entry # 14-1, p. 24). The letter stated the reasons for not filing the request for review in a timely manner, namely, that plaintiff's counsel did not receive the ALJ's decision until November 14, 2013,[5] and that the "decision was not sent to his office at the time it was issued."[6] (Docket Entry # 14-1, p. 24). On November 23, 2013, plaintiff's counsel filed a request for Appeals Council review.[7]

On August 11, 2014, the Appeals Council "*dismissed* [the] request for review." (Docket Entry # 14-1, pp. 26-27) (emphasis

---

[5]  By affidavit filed in this court, counsel acknowledges that he mistakenly wrote the date of November 14, 2013, when in fact his office received the decision on November 11, 2013. (Docket Entry # 17-2).

[6]  The Commissioner argues that this "unsworn assertion" by counsel is not sufficient to rebut the presumption of receipt five days after the date of the August 19, 2013 decision. (Docket Entry # 20).

[7]  The request notes a different Brockton address for plaintiff than the 22 Wall Street address.

6

added).  The decision stated that, "The request for review filed on November 23, 2013, was not filed within 60 days from the date notice of the decision was received" and the date of receipt "is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made." (Docket Entry # 14-1, p. 27).  The decision found "no good cause to extend the time for filing" because the ALJ's "decision was mailed to the same address listed on the attorney letterhead and the same address listed on the request for review." (Docket Entry # 14-1, p. 27).

The accompanying cover letter explained that, "Under our rules, the dismissal of a request for review is final and not subject to further review." (Docket Entry # 14-1, p. 26).  The applicable regulations confirm that, "The Appeals Council will dismiss your request for review if you did not file your request within the stated period of time and the time for filing has not been extended."  20 C.F.R. §§ 404.971, 416.1471.  Further, "The *dismissal* of a request for Appeals Council review is binding and not subject to further review."  20 C.F.R. §§ 404.972, 416.1472 (emphasis added).

The regulations explain that, when presented with a request for review, the Appeals Council has three options.  It "may *deny* or *dismiss* the request for review, *or* it may grant the request and either *issue a decision* or remand the case to an

administrative law judge." 20 C.F.R. §§ 404.967, 416.1467 (emphasis added). Whereas the regulations dictate that a dismissal of a request for review is "not subject to further review," 20 C.F.R. §§ 404.972, 416.1472, a denial of a request for review or a decision by the Appeals Council "is binding unless" the plaintiff "or another party file[s] an action in Federal district court within 60 days after the date you receive notice of the Appeals Council's action." 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff filed this action within 60 days of receipt of the Appeals Council's August 11, 2014 dismissal. The statute allows a plaintiff judicial review "after any *final* decision of the Commissioner of Social Security made after a hearing . . .." 42 U.S.C. § 405(g) (emphasis added). The corresponding regulations state that, "If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

In opposing the Rule 12(b)(1) motion, plaintiff filed three affidavits evidencing that neither his counsel nor counsel's office received the ALJ's decision until an office case manager retrieved it from the SSA's electronic records system on November 11, 2013.[8] (Docket Entry ## 17-2, 17-3, 17-4). The affidavits

---

[8] Plaintiff did not file the affidavits with the Appeals Council in November 2013. Rather, he submitted only the letter explaining the basis for the late filing and, a few days later,

explain in detail that by 2013 plaintiff's counsel had installed a computerized case management system for Social Security matters to track and enter all incoming office documents. (Docket Entry ## 17-2, 17-3, 17-4). The system allows for "contemporaneous entries of events and conversations with clients." (Docket Entry # 17-2). Thus, by 2013, plaintiff's counsel's office "had a system in place whereby each piece of incoming mail [was] scanned into the database in the case management program" and received a computer generated date "on the date received." (Docket Entry # 17-3). In addition to scanning all incoming mail, the hearing case manager at the firm received computer generated reminders every 30 days from the date of an ALJ hearing to check for receipt of the decision. (Docket Entry # 17-2).

By affidavit, the hearing case manager assigned to plaintiff's case states she checked the office case management system on August 21, and 22, 2013, in response to telephone calls from plaintiff and his mother asking for the status of the case. (Docket Entry # 17-4). Having checked the case management system, she determined there had not been a decision. (Docket Entry # 17-4). She checked the system again on October 4, 2013, when plaintiff's mother telephoned the office for a second time inquiring about the status of the case. The hearing case manager's entry that day reflects there was still no receipt of

---

the request for review.

9

the ALJ's decision.  A few weeks later on October 29, 2013, plaintiff telephoned the office asking about the status of the case.  The hearing case manager again checked the case management system and it still showed no receipt of the decision.  The affidavits therefore evidence not only that counsel's office had not received the ALJ's decision but also that plaintiff had not received the decision in light of his telephone calls asking for the status of the case.[9]  (Docket Entry # 17-4).

On November 11, 2013, the hearing case manager checked the electronic records portal maintained by the SSA.  It was only at that time that she received the decision, according to her affidavit and plaintiff's counsel's affidavit.  As set out in all three affidavits, the office was never sent a copy of the decision in the mail and it never received the decision until November 11, 2013.

## DISCUSSION

The Commissioner argues there was no "final decision" made after a hearing within the meaning of 42 U.S.C. § 405(g).  Accordingly, jurisdiction is lacking.  Plaintiff maintains that neither he nor his attorney received the ALJ's decision within

---

[9]  The Commissioner argues that, assuming that the court accepts the evidence not submitted to the Appeals Council, plaintiff "submitted nothing regarding whether he failed to timely receive the ALJ's decision."  (Docket Entry # 20) (emphasis in original).  In light of the above circumstantial evidence, the argument is not convincing.

the 60 day time period and that lack of notice provides a basis
to avoid dismissal.

Under 42 U.S.C. § 405(g), this court's "jurisdiction [is]
limited to review of 'any final decision of the Secretary made
after a hearing . . ..'" Doe v. Secretary of Health and Human
Services, 744 F.2d 3, 4 & n.1 (1st Cir. 1984) (quoting 42 U.S.C.
§ 405(g) and citing 42 U.S.C. § 405(h) while noting the latter
equally applies to 42 U.S.C. § 1383(c)(3)).  The statute, 42
U.S.C. § 405(g), does not specify the components of a final
decision, Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001) ("statute
permits review of 'the final decision of the Commissioner'
without specifying components"), and not all final decisions made
after a hearing are subject to judicial review under 42 U.S.C. §
405(g).  Doe v. Secretary of Health and Human Services, 744 F.2d
at 4 ("not every final decision made after a hearing . . . is
routinely subject to judicial review under 42 U.S.C. § 405(g)").

Under the administrative scheme of the statute's
implementing regulations, the plaintiff ordinarily must proceed
through four administrative stages to obtain a final decision
that is subject to judicial review.  See 20 C.F.R. §§ 404.900(a),
416.1400(a); McDonald v. Secretary of Health and Human Services,
834 F.2d 1085, 1087 (1st Cir. 1987) (if "state agency makes a
finding of no disability, the applicant has available several
levels of administrative review within which to seek a different

11

outcome"); <u>Parker v. Califano</u>, 644 F.2d 1199, 1202 (6th Cir. 1981) (regulations require claimant to "proceed through four administrative stages: the initial determination, the reconsideration, the hearing, and Appeals Council Review") (citations omitted).  Throughout these stages, the regulations require the ALJ or the SSA to provide notice of administrative decisions to the parties by mail to their last known address and to the parties' representatives.  <u>See</u> 20 C.F.R. §§ 404.904, 404.922, 404.938, 404.953, 404.973, 404.979, 404.1715, 416.1404, 416.1422, 416.1438, 416.1453, 416.1458, 416.1473, 416.1479, 416.1515; <u>Parker v. Califano</u>, 644 F.2d at 1202 ("regulations further provide that notice of the agency action taken at each stage and the right to proceed to the next stage be transmitted to the claimant").  When a plaintiff fails to seek review at the next administrative level within the proper time period, the determination at the prior level "becomes binding."  <u>McDonald v. Secretary of Health and Human Services</u>, 834 F.2d at 1087 (claimant "must request review at the next administrative level within 60 days of receipt of an adverse determination at the preceding level" and "prior determination becomes binding if review is not sought within the proper time limits").

A "final decision" within the meaning of 42 U.S.C. § 405(g) inures after administrative exhaustion of these levels of review.  <u>See</u> <u>Wilson v. Secretary of Health and Human Services</u>, 671 F.2d

12

673, 677 (1st Cir. 1982).  Indeed, the "final decision" required
to invoke jurisdiction under 42 U.S.C. 405(g) "has been
*authoritatively* interpreted to mean 'that the administrative
remedies provided by the Secretary be exhausted.'"  Id. (quoting
Mathews v. Eldridge, 424 U.S. 319, 328 (1976)) (emphasis added).
It also usually reflects a substantive decision on the benefits
claim as opposed to a dismissal of a request for review.  See Doe
v. Secretary of Health and Human Services, 744 F.2d at 4 ("'final
decision of the Secretary' generally means 'the initial
substantive decision of the Secretary on the benefits claim'").[10]

        With respect to an untimely request for review of the ALJ's
decision, the regulations unequivocally state that, "The Appeals
Council will dismiss" the request "if you did not file your
request within the stated period of time and the time for filing
has not been extended," 20 C.F.R. §§ 404.971, 416.1471, by a
showing of good cause.  See 20 C.F.R. §§ 404.968, 416.1468.
Moreover, "The dismissal . . . is binding and not subject to
further review."  20 C.F.R. §§ 404.972, 416.1472; see Rothman v.
Secretary of Health and Human Services, 1994 WL 866086, at *1
(1st Cir. Dec. 8, 1994) (citing Bacon v. Sullivan, 969 F.2d 1517,

---

        [10]  Strictly speaking, the administrative exhaustion
requirement is not jurisdictional.  See Bowen v. City of New
York, 476 U.S. 467, 480 (1986); McDonald v. Secretary of Health
and Human Services, 834 F.2d at 1089.  That said, there is no
indication that the August 19, 2013 decision was not available on
or before October 23, 2013, given the ability to log onto the
electronic records portal maintained by the SSA.

1519-21 (3rd Cir. 1992) (collecting cases));[11] <u>see</u> <u>also</u> <u>Doe v.</u>
<u>Secretary of Health and Human Services</u>, 744 F.2d at 4-5; <u>Rios v.</u>
<u>Secretary of Health, Education and Welfare</u>, 614 F.2d 25 (1st Cir.
1980); <u>Matos v. Secretary Health, Education and Welfare</u>, 581 F.2d
282, 286-287 (1st Cir. 1978). As stated in <u>Rothman</u>, where, as
here, the Appeals Council rejects an "untimely request for review
of the ALJ's decision after finding that [the plaintiff] failed
to establish the requisite good cause[,] . . . such a dismissal
is not a 'final decision' for the purposes of 42 U.S.C. § 405(g)
and thus is not reviewable in federal court." <u>Rothman v.</u>
<u>Secretary of Health and Human Services</u>, 1994 WL 866086, at *1
(citing <u>Bacon v. Sullivan</u>, 969 F.2d at 1519-21). The plain
language of the foregoing regulations, 20 C.F.R. §§ 404.971,
404.772, 416.1471, 416.1472, the limited delineation of
jurisdiction in 42 U.S.C. § 405(g), <u>see</u> <u>Doe v. Secretary Health</u>
<u>and Human Services</u>, 744 F.2d at 4-5,[12] and the First Circuit's

_____

[11] As an unpublished decision, <u>Rothman</u> does not provide
binding precedent but can be used for its "persuasive value."
1st Cir. R. 32.1 (court may consider unpublished opinions "for
their persuasive value but not as binding precedent").

[12] The First Circuit in <u>Doe</u> recognized the unfairness that
could result from denying review in certain circumstances but
explained that:

    "'[T]he right to receive social security benefits does not
    derive from the common law or the United States
    Constitution. It came into being by Act of Congress' . . .
    . Congress delineates the jurisdiction of the federal courts
    to hear claims based on the Act, and any change in this
    court's jurisdiction must come from Congress."

decision in Rothman uniformly support the fact that there is no

"final decision" in the case at bar that would allow judicial

review under 42 U.S.C. § 405(g).  This conclusion is consonant

with the progressive administrative stages of review and the bar

that occurs at each stage when the plaintiff does not seek review

at the next stage.

Section 405(g) therefore "clearly limits judicial review to

a particular type of agency action, a 'final decision of the

Secretary made after a hearing.'"  Califano v. Sanders, 430 U.S.

99, 108 (1977).  Indeed, the decision by the Third Circuit in

Bacon, cited by the First Circuit in Rothman, recognizes that,

except for the Eleventh Circuit, "every court of appeals which

has addressed this question has held that the Appeals Council may

dismiss untimely requests for review of ALJ decisions, and such

dismissals are not reviewable by district courts because they are

not 'final decisions'" within the meaning of 42 U.S.C. § 405(g).

Bacon v. Sullivan, 969 F.2d at 1520 (collecting cases from

Second, Fourth, Fifth, Seventh, Eighth and Ninth Circuits); see

also Hilmes v. Secretary of Health and Human Services, 983 F.2d

67, 70 (6th Cir. 1993).

Even arbitrary refusals by the Commissioner to reopen an

untimely claim supported by good cause are not subject to

---

Doe v. Secretary of Health and Human Services, 744 F.2d at 4-5
(quoting Matos v. Secretary Health, Education and Welfare, 581
F.2d at 282, 286-287).

judicial review under 42 U.S.C. § 405(g).  See Califano v. Sanders, 430 U.S. at 107-108 (42 U.S.C. § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits").  The First Circuit in Matos agrees.  See Matos v. Secretary of Health, Education and Welfare, 581 F.2d at 286 ("Under Sanders, the Secretary likewise arbitrarily could refuse to reopen a claim for which 'good cause' to reopen had been presented by the claimant").  In light of Sanders, this court lacks jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's dismissal of the request for review even if the refusal to extend the time to seek review of the ALJ's denial was arbitrary.  In sum, based on the arguments presented, the Appeals Council's dismissal of plaintiff's untimely request for review and its finding that plaintiff failed to show good cause is not a final decision subject to judicial review under 42 U.S.C. § 405(g).

Plaintiff, however, asserts a constitutional claim of a denial of due process.  (Docket Entry ## 1, 17).  The Supreme Court recognizes a limited exception to the bar to judicial review posed by 42 U.S.C. § 405(g) for colorable constitutional claims.  See Califano v. Sanders, 430 U.S. at 109.  The First Circuit likewise recognizes such an exception.  See Doe v. Secretary of Health and Human Services, 744 F.2d at 5 (citing

16

Califano v. Sanders, 430 U.S. at 109, and Penner v. Schweiker,
701 F.2d 256 (3rd Cir. 1983); Matos v. Secretary of Health,
Education and Welfare, 581 F.2d at 286 n.6; see also Rothman v.
Secretary of Health and Human Services, 1994 WL 866086, at *1
(citing Bacon v. Sullivan, 969 F.2d at 1519-1521, which, in turn,
cites Penner v. Schweiker, 701 F.2d at 261, for principle that
constitutional claim alone may confer jurisdiction).
"Constitutional questions obviously are unsuited to resolution in
administrative hearing procedures and, therefore, access to the
courts is essential to the decision of such questions." Califano
v. Sanders, 430 U.S. at 109.  Moreover, a constitutional attack
based on a denial of due process is particularly well suited for
review because it is divorced from the merits of plaintiff's
disability and supplemental security income claims.  See McDonald
v. Secretary of Health and Human Services, 834 F.2d at 1089-1090.
The issue therefore reduces to whether plaintiff shows a
colorable constitutional claim of being denied due process.[13]
See Doe v. Secretary of Health and Human Services, 744 F.2d at 4-
5 (finding no "tenable constitutional claim" of due process when
ALJ required claimant to provide "'satisfactory reason'" of
claimant's inability to attend hearing or face dismissal of

_____

[13]  As noted above, the issue is not whether the
Commissioner, even arbitrarily, refused to find good cause for
filing the request for review of the ALJ's decision after the 65
day time period.  See Matos v. Secretary of Health, Education and
Welfare, 581 F.2d at 286.

hearing request and ALJ thereafter dismissed hearing request when not satisfied with claimant's further response).

The ALJ in <u>Doe</u> requested evidence in the form of a medical certificate and the First Circuit found that "the Secretary could reasonably expect" the claimant to "be able to secure a medical note." <u>Id.</u> at 5.  In finding "no tenable" due process claim, the court noted that the circumstances fell "considerably short of the demonstration of the presence of a constitutional issue in <u>Penner v. Schweiker</u>, 701 F.2d 256 (3rd Cir. 1983)," which involved "faulty notice of [an] adverse determination by [the] Secretary." <u>Doe v. Secretary of Health and Human Services</u>, 744 F.2d at 5.  The implication, therefore, is that a faulty notice of an adverse determination as set out in <u>Penner</u> might provide the requisite showing.  Similar to <u>Penner</u>, plaintiff sets out a due process claim of faulty notice.

Plaintiff provides more than sufficient evidence that, at a minimum, his attorney did not actually receive notice of the ALJ's decision within the 60 day time period or, applying the presumption of receipt in the regulations, the 65 day time period.  20 C.F.R. §§ 404.901, 404.968, 416.1401, 416.1468.  In addition, plaintiff's conduct of repeatedly contacting his attorney to determine the status of the case provides circumstantial evidence that he did not receive a copy of the decision during the same time period.  As a result of not

18

receiving notice of the decision, plaintiff was denied an opportunity to challenge the denial of benefits before the Appeals Council.  Plaintiff therefore makes a colorable showing of being denied procedural due process.  See generally Parker v. Califano, 644 F.2d at 1203 ("42 U.S.C. § 405(b), and due process require that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied").

Relying on 42 U.S.C. § 405(g), which requires "good cause" for the failure to present the evidence (the affidavits) to the Appeals Council, the Commissioner submits it is improper to consider the affidavits because plaintiff did not present them to the Appeals Council.  Left with the unsworn assertions in the November 2013 letter to the Appeals Council, this court should uphold the dismissal, according to the Commissioner.  (Docket Entry # 20).

First, this court has upheld the dismissal.  It is a separate and distinct question whether there was a constitutional violation.

Second, it is true "that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption" of receipt. McLaughlin v. Astrue, 2011 WL 5085011, at *3 (1ˢᵗ Cir. Oct. 27,

19

2011).  The issue, however, is not whether substantial evidence supports the Appeals Council's determination of the absence of good cause to extend the 60 or 65 day period for receipt. Rather, having found that 42 U.S.C. § 405(g) does not provide a jurisdictional basis to review the dismissal of the request for review by the Appeals Council of the ALJ's decision, the issue is whether there was a colorable showing of a due process violation. The affidavits were not considered or necessary to adjudicate the former issue and they were properly considered in determining the latter constitutional issue.

In a related argument, the Commissioner submits that the affidavits are not new evidence under sentence six of 42 U.S.C. § 405(g).  Sentence six states that:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding

42 U.S.C. § 405(g).  At this point, this court is not remanding this case to the Commissioner to consider the new evidence. Accordingly, the argument is premature.

In sum, 42 U.S.C. § 405(g) limits judicial review to final decisions of the Secretary made after a hearing.  The Appeals Council's decision to deny the untimely request for review of the

ALJ's decision therefore is not subject to judicial review under 42 U.S.C. § 405(g). Because plaintiff presents a colorable constitutional claim of a denial of due process, this case will proceed on the issue of whether there is a constitutional violation and, if so, the appropriate remedy. An appropriate remedy does not necessarily entail a remand for an award of benefits. See generally Penner v. Schweiker, 701 F.2d at 261 (dicta noting that district court, once supplied with sufficient record, will "decide what relief, if any, is consonant with due process and the Secretary's regulatory scheme").

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion to dismiss (Docket Entry # 13) is **ALLOWED** to the extent that the dismissal of the untimely request for review is not a "final decision" under 42 U.S.C. § 405(g) subject to judicial review. The motion to dismiss (Docket Entry # 13) is **DENIED** inasmuch as plaintiff presents a colorable constitutional claim of a denial of due process sufficient to confer jurisdiction. Counsel shall advise this court within 30 days whether he wishes to pursue this constitutional claim.

     /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge